## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

-------------------------------------------------------x
SEDINA SALIHOVIC             :         CASE ACTION NO.:
     *Plaintiff*           :
                         :         3:14-CV-01023 (DJS)
VS.                       :
                         :
MURPHY ROAD RECYCLING, LLC   :
     *Defendant*        :         May 21, 2015
-------------------------------------------------------x

## AMENDED COMPLAINT

### INTRODUCTION:

1.      This is an action to redress sexual harassment, hostile work environment, national origin discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended 1991, 42 U.S.C. § 2000e *et seq.* (hereinafter "Title VII"), and the laws of the State of Connecticut.

### PARTIES AND JURISDICTION:

2.      The Plaintiff, Sedina Salihovic ("Plaintiff"), was and is a resident of the City of Hartford, State of Connecticut.

3.      The Defendant, Murphy Road Recycling, LLC (hereinafter referred to as "Defendant" or "Defendant Company"), was and is a Connecticut business with a principle place of business located in the Town of Enfield, State of Connecticut.

4.      Jurisdiction of this Court is invoked under the provisions of 28 U.S.C. §1331, federal question jurisdiction, as the Plaintiff's claims arise under the laws of the United States, namely, Title VII.

5.      Plaintiff filed an administrative complaint with the U.S. Equal Employment Opportunity Commission on or May 21, 2013, and received a release and right to sue letter

dated June 3, 2014.  This complaint is brought within ninety (90) days of the Right to Sue letter, which is attached hereto as "Exhibit A".

**FACTS:**

6.      The Plaintiff is a female who commenced her employment with Defendant Company on April 1, 2003.

7.      Plaintiff last worked as a machine operator and bucket loader.

8.      Plaintiff performed her duties as a machine operator through the wrongful termination of her employment on or about May 16, 2013.

9.      Throughout Plaintiff's employment, Jeffrey Baxter was her supervisor and acted as the Defendant's agent.

10.      The Plaintiff's last day of work was May 1, 2013.

11.      Approximately one (1) year before May 1, 2013, Jeffrey Baxter started talking about sex to Plaintiff and asking her for sex.

12.      In the year leading up to May 1, 2013, Mr. Baxter would often talk to Plaintiff about sex, and would state that he loved Plaintiff, he wanted to go out with Plaintiff, and he wanted to have sex with Plaintiff.

13.      Plaintiff told Mr. Baxter she was not interested, and asked him to leave her alone.

14.      Plaintiff told Mr. Baxter she was only there to work and did not want anything to do with him.

15.      In the 5 months leading up to May 1, 2013, Mr. Baxter's behavior got worse.

16.      Mr. Baxter would follow Plaintiff where there are no cameras.

17.     When Mr. Baxter had opportunity to corner the Plaintiff, he would sexually assault her.

18.     He would grab Plaintiff and put his mouth on her neck and talk about sex.

19.     Plaintiff continued to tell him to stop and threatened to report him.  He just said no one would believe Plaintiff because she had no witnesses and because her English is not very good.

20.     Mr. Baxter began to retaliate against Plaintiff.  He took Plaintiff from her machine and put her on the line where there is more dust.

21.     While Plaintiff was working on the line, Mr. Baxter began to yell at Plaintiff constantly for no reason.  A coworker asked Plaintiff if there was anything going on between her and Mr. Baxter because he was acting jealous towards her.

22.     Plaintiff was scared that if she said anything she would be fired, and no manager other than Mr. Baxter was aware of the situation until May 1, 2013.

23.     On May 1, 2013, a little before 8:00 a.m., Plaintiff was sexually assaulted by Mr. Baxter in the kitchen / coffee room.

24.     As Plaintiff was in the kitchen, Mr. Baxter came in and held the door closed.

25.     He grabbed Plaintiff and squeezed her to him and put his mouth on her neck.

26.     Plaintiff tried to get away but she was not strong enough.

27.     Plaintiff told him she would report him, but Mr. Baxter said she had no proof and that no one would believe her because her English was no good.

28.     As soon as Mr. Baxter stopped, Plaintiff went to William Petrone, one of the managers, and told him what Mr. Baxter had done: grabbing Plaintiff, putting his mouth on

her, touching her in areas where there were no cameras and telling her she had no proof and that her English was no good.

29.     Mr. Petrone only shrugged his shoulders.  Plaintiff told him she would report it to the labor department.  Mr. Petrone again only shrugged his shoulders.

30.     The next day on May 2, 2013, Plaintiff had a call with David Sibley, HR Manager, where she reported the above to him.  He wanted Plaintiff to come in to give the interview but Plaintiff was too scared because Mr. Baxter was there.

31.     Plaintiff said she would be interviewed over the phone and Mr. Sibley agreed.

32.     Plaintiff explained to Mr. Sibley that Mr. Baxter's sex talk had been going on for a year, and that he had started grabbing Plaintiff and putting his mouth on her more recently.

33.     Plaintiff explained to Mr. Sibley that Mr. Baxter had been asking for sex, and that Plaintiff did not want that.

34.     Plaintiff explained to Mr. Sibley about the sexual assault of May 1, 2013 in the kitchen as described above, that Mr. Baxter put his mouth on the back of her neck, and that Plaintiff struggled to get away but was not strong enough.

35.     Mr. Sibley never offered to separate Mr. Baxter from Plaintiff if she returned. He said he would do an investigation and get back to Plaintiff.  Plaintiff heard nothing from Mr. Sibley until she received a letter dated May 16, 2013.

36.     Defendant's letter dated May 16, 2013 terminated her employment.

37.     The reasons given were that she had not responded to a letter of May 10, 2013, but Plaintiff never received any letter of May 10, 2013.

38.     Mr. Sibley gave a number of false reasons for Plaintiff's termination; Defendant cited purported inconsistencies about whether Plaintiff ever stated Mr. Baxter were a friend, whether Plaintiff spoke Polish, and whether Plaintiff considered herself as sociable.

**COUNT ONE:**          ***QUID PRO QUO* SEXUAL HARASSMENT - TITLE VII**

1-39.   The Plaintiff incorporates paragraphs 1 through 39 as if more fully set forth herein.

39.     The Defendant Company, through its conduct, engaged in *quid pro quo* sexual harassment against the Plaintiff.

40.     The Defendant Company wrongfully terminated the Plaintiff's employment.

41.     As a result of the aforementioned conduct, Plaintiff suffered loss of wages, and will continue to do so into the future.

42.     As a result of the aforementioned conduct, Plaintiff suffered loss of benefits of employment.

43.     As a result of the aforementioned conduct, Plaintiff suffered extreme emotional distress.

44.     As a result of the aforementioned conduct, Plaintiff suffered litigation costs and expenses.

**COUNT TWO:**          **SEXUAL HARASSMENT / HOSTILE WORK ENVIRONMENT (TITLE VII)**

1-39.   The Plaintiff incorporates paragraphs 1 through 39 as if more fully set forth herein.

40.     The Defendant Company, through its conduct, created a hostile work environment for the Plaintiff.

41.     The Defendant Company wrongfully terminated the Plaintiff's employment.

42.     As a result of the aforementioned conduct, Plaintiff suffered loss of wages, and will continue to do so into the future.

43.     As a result of the aforementioned conduct, Plaintiff suffered loss of benefits of employment.

44.     As a result of the aforementioned conduct, Plaintiff suffered extreme emotional distress.

45.     As a result of the aforementioned conduct, Plaintiff suffered litigation costs and expenses.

**COUNT THREE:     <u>RETALIATION (TITLE VII)</u>**

1-39.   The Plaintiff incorporates paragraphs 1 through 39 as if more fully set forth herein.

40.     The Defendant Company, through its conduct, retaliated against the Plaintiff for engaging in protected activities.

41.     The Defendant Company wrongfully terminated the Plaintiff's employment.

42.     As a result of the aforementioned conduct, Plaintiff suffered loss of wages, and will continue to do so into the future.

43.     As a result of the aforementioned conduct, Plaintiff suffered loss of benefits of employment.

44.     As a result of the aforementioned conduct, Plaintiff suffered extreme emotional distress.

45.     As a result of the aforementioned conduct, Plaintiff suffered litigation costs and expenses.

**COUNT FOUR:**  **ASSAULT V. MURPHY ROAD RECYCLING**

1-39.   The Plaintiff incorporates paragraphs 1 through 39 as if more fully set forth herein.

40.     The Defendant Company, through the conduct of its agent and alter ego Jeffrey Baxter, assaulted the Plaintiff.

41.     As a result of the aforementioned conduct, Plaintiff suffered extreme emotional distress.

42.     As a result of the aforementioned conduct of the Defendant Company, the Plaintiff incurred and will continue to incur into the future significant pain and suffering.

43.     As a result of the aforementioned conduct of the Defendant Company, the Plaintiff incurred and will incur in the future considerable medical expenses, including but not limited to counseling, medications, and necessary medical treatment.

44.     As a result of the aforementioned conduct of the Defendant Company, the Plaintiff suffers from the fear and anxiety that she will be subject to future instances of sexual assault.

45.     As a result of the aforementioned conduct of the Defendant Company, the Plaintiff has suffered and will continue to suffer from the loss of ability to enjoy life's pleasures and activities.

**COUNT FIVE:**  **BATTERY V. MURPHY ROAD RECYCLING**

1-39.   The Plaintiff incorporates paragraphs 1 through 39 as if more fully set forth herein.

40.     The Defendant, through the conduct of its agent and alter ego Jeffrey Baxter, battered the Plaintiff.

41.     As a result of the aforementioned conduct, Plaintiff suffered extreme emotional distress.

42.     As a result of the aforementioned conduct of the Defendant Company, the Plaintiff incurred and will continue to incur into the future significant pain and suffering.

43.     As a result of the aforementioned conduct of the Defendant Company, the Plaintiff incurred and will incur in the future considerable medical expenses, including but not limited to counseling, medications, and necessary medical treatment.

44.     As a result of the aforementioned conduct of the Defendant Company, the Plaintiff suffers from the fear and anxiety that she will be subject to future instances of sexual battery.

45.     As a result of the aforementioned conduct of the Defendant Company, the Plaintiff has suffered and will continue to suffer from the loss of ability to enjoy life's pleasures and activities.

**COUNT SIX:        INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS V. DEFENDANT MURPHY ROAD RECYCLING**

1-39.   The Plaintiff incorporates paragraphs 1 through 39 as if more fully set forth herein.

40.     The Defendant Company, through its agent and alter ego Jeffrey Baxter, subjected the Plaintiff to intentional infliction of emotional distress.

41.     As a result of the aforementioned conduct, Plaintiff suffered extreme emotional distress.

42.     As a result of the aforementioned conduct, the Plaintiff incurred and will continue to incur into the future significant pain and suffering.

43.     As a result of the aforementioned conduct, the Plaintiff incurred and will incur in the future considerable medical expenses, including but not limited to counseling, medications, and necessary medical treatment.

44.     As a result of the aforementioned conduct, the Plaintiff has suffered and will continue to suffer from the loss of ability to enjoy life's pleasures and activities.

**COUNT SEVEN:     <u>NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS V.
                                    DEFENDANT MURPHY ROAD RECYCLING</u>**

1-40.   The Plaintiff incorporates paragraphs 1 through 39 as if more fully set forth herein.

40.     The Defendant Company, through its agent and alter ego Jeffrey Baxter, subjected the Plaintiff to negligent infliction of emotional distress.

41.     As a result of the aforementioned conduct, Plaintiff suffered extreme emotional distress.

42.     As a result of the aforementioned conduct of the Defendant, the Plaintiff incurred and will continue to incur into the future significant pain and suffering.

43.     As a result of the aforementioned conduct, the Plaintiff incurred and will incur in the future considerable medical expenses, including but not limited to counseling, medications, and necessary medical treatment.

44.     As a result of the aforementioned conduct, the Plaintiff has suffered and will continue to suffer from the loss of ability to enjoy life's pleasures and activities.

**WHEREFORE,** the Plaintiff prays for the following relief:

1.     Jury Trial;

2.     Assume jurisdiction over this matter;

3.     Enter judgment in favor of the plaintiff for back pay, value for loss of employment and benefits as may be found by a jury;

4.     Award front pay to the Plaintiff for the years he would have worked absent the defendant's unlawful treatment;

5.     Enter judgment in favor of the Plaintiff for such amount as may be awarded by a jury for compensatory damages for his emotional pain and suffering;

6.     Award the Plaintiff punitive damages and double damages;

7.     Award to the Plaintiff all costs and reasonable attorney's fees incurred in connection with this action;

8.     Grant such additional or alternative relief as may appear to the Court to be just and equitable.

THE PLAINTIFF
SEDINA SALIHOVIC


By   */s/ Emanuele R. Cicchiello*
Emanuele R. Cicchiello (ct27118)
Cicchiello & Cicchiello, LLP
364 Franklin Avenue
Hartford, Connecticut  06114
Tel: (860) 296-3457
Fax: (860) 296-0676
Email: manny@cicchielloesq.com