UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SEDINA SALIHOVIC,<br>Plaintiff, | : | |
| | : | |
| | : | CASE NO: 3:14-CV-01023-MPS |
| v. | : | |
| | : | |
| MURPHY ROAD RECYCLING, LLC,<br>Defendant. | : | JUNE 8, 2015 |
| | : | |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF
ITS MOTION TO DISMISS COUNTS FOUR, FIVE, SIX AND SEVEN OF PLAINTIFF'S
AMENDED COMPLAINT**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant
Murphy Road Recycling, LLC ("the Company") respectfully submits this Memorandum of Law
in support of its Motion to Dismiss Counts Four, Five, Six and Seven of Plaintiff Sedina
Salihovic's Amended Complaint ("Complaint") dated May 21, 2015.

Plaintiff worked at the Company's recycling center as a sorter until the Company
terminated Plaintiff for job abandonment after she did not report to return to work for several
weeks and did not communicate with the Company regarding her absence.   Plaintiff left work on
May 1, 2013 after complaining internally about her manager's behavior in the workplace.
Thereafter, the Company's Human Resources Manager, David Sibley, called Plaintiff several
times to further discuss her complaint, every one of which went unanswered by Plaintiff.
Despite Plaintiff's lack of cooperation, Mr. Sibley investigated her complaint and could not
substantiate Plaintiff's complaint.  By letter dated May 10, 2013, Mr. Sibley again tried to reach
Plaintiff in an effort to speak with her about the issue, investigation, and return to work.  Again,
Plaintiff did not respond.  Ultimately thereafter, the Company terminated Plaintiff's employment

for job abandonment.

On these facts, Plaintiff initiated this lawsuit against the Company.  Counts Four (Assault), Five (Battery), Six (Intentional Infliction of Emotional Distress) and Seven (Negligent Infliction of Emotional Distress) are all legally unsustainable.  As to Counts Four, Five, Six and Seven, Plaintiff seeks to hold the Company tortiously liable for the alleged actions of her supervisor, Mr. Baxter, merely by virtue of allegations that Mr. Baxter is allegedly the "agent and alter ego" of the Company.  Plaintiff's attempt to impose liability as to the Company solely by virtue of the fact that the Company employed Mr. Baxter is insufficient because a Company cannot be vicariously liable for alleged misconduct of one of its managers when the conduct is clearly outside the scope of his employment and not in furtherance of the Company's business. Moreover, as to Plaintiff's negligent infliction of emotional distress claim, Plaintiff fails to allege any wrongdoing in the termination process and thus Count Seven fails on this basis as well.

## II.    COMPLAINT ALLEGATIONS

Plaintiff began working for the Company on April 1, 2003 as an operator and bucket loader in its recycling facility.  (Compl. ¶¶ 6-7).[1]  Plaintiff reported to Jeffrey Baxter throughout her employment.  (Compl. ¶ 9).  Approximately nine years into their working relationship, Plaintiff claims that Mr. Baxter began asking her to go out with him and to have sex.  (Compl. ¶¶ 11, 12).  Plaintiff asserts that she denied these advances, but that on May 1, 2013, Mr. Baxter kissed Plaintiff's neck.  (Compl. ¶¶ 11-18, 23, 25).  Plaintiff concedes that no one at the Company was aware of this alleged conduct until May 1, 2013, when Plaintiff reported her allegations to management.  (Compl. ¶ 22).  Upon learning of these allegations, the Company's Human Resources Manager, David Sibley, promptly launched an investigation into

---

[1] References to Amended Complaint allegations are indicated as "Compl. ¶ __".  For purposes of this Motion only, the Company accepts, as it must, the facts as they are alleged by Plaintiff in the Amended Complaint.

them – one of the first steps of which was to talk with Plaintiff about them. (Compl. ¶30-35). Plaintiff, however, never responded to Mr. Sibley's telephone calls or his written attempts to contact her, beyond their initial discussion of the complaint. Plaintiff did not return to work at all after May 1st and did not communicate with anyone at the Company about her absences. As a result, after weeks of not hearing anything from Plaintiff and determining that Plaintiff's allegations against Mr. Baxter were false after conducting as thorough of an investigation as was possible in light of Plaintiff's utter refusal to participate in it, the Company terminated Plaintiff's employment for job abandonment. (Compl. ¶¶ 36-37).

## III.   DISCUSSION

### A.   The Standard For A Motion To Dismiss

In evaluating a motion to dismiss under Rule 12(b)(6), the "district court . . . must accept as true all of the factual allegations set out in plaintiff's complaint, draw inferences from those allegations in the light most favorable to plaintiff, and construe the complaint liberally." Tarshis v. Riese Org., 211 F.3d 30, 35 (2d Cir. 2000), dismissed in part, 195 F. Supp. 2d 518 (S.D.N.Y. 2002), aff'd, 66 Fed. Appx. 238 (2d Cir 2003).    However, "a complaint which consists of conclusory allegations unsupported by factual assertions fails even the liberal standard of Rule 12(b)(6)." DeJesus v. Sears, Roebuck & Co., Inc., 87 F. 3d 65, 70 (2d Cir. 1996).

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).    Thus, "[a] pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action' will not do." Ashcroft v. Iqbal, et al., 129 S. Ct. 1937, 1949 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "Nor

does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement'." Id. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Hutchison v. CBRE Realty Finance, Inc., 638 F. Supp. 2d 265, 270 (D. Conn. 2009) (citing Iqbal, 129 S. Ct. at 1949-50 (2009)). Thus, to survive a motion to dismiss, a complaint:

> must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face....A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged....The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a the defendant has acted unlawfully....Where a complaint pleads facts that are merely consistent with a the defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Logan v. Sectek, 632 F. Supp. 2d 179, 182 (D. Conn. 2009) (citing Iqbal, 129 S. Ct. at 1949-50 (2009)); see also Boccardi Capital Sys. V. D.E. Shaw Laminar Portfolios, L.L.P., 355 Fed. Appx. 516, 518 (2d Cir. Dec. 9, 2009) (citing Iqbal, *supra*) ("[t]o avoid dismissal, the complaint must 'state a claim to relief that is plausible on its face.'"). In determining whether a plaintiff has pled a plausible claim for a relief, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" and the "tenet that a court must accept as true all of the allegations contained in a complaint" does not apply to legal conclusions. Logan, 632 F. Supp. 2d at 182 (citing Iqbal, 129 S. Ct. at 1949-50).

"In evaluating a motion to dismiss, the Court should follow a 'two-pronged approach' to evaluate the sufficiency of the complaint." Aiello v. Stamford Hosp. Inc., Civil Action No. 3:09-cv-1161(VLB), 2010 U.S. Dist. LEXIS 103032, at *5 (D. Conn. Sept. 29, 2010) (citing Hayden v. Paterson, 594 F. 3d 150, 161 (2d Cir. 2010)). "A court 'can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.'" Hayden, 594 F. 3d at 161 (quoting Iqbal, 129 S. Ct. at 1950). "At the

second step, a court should determine whether the [remaining] 'well-pleaded factual allegations,'
assumed to be true, 'plausibly give rise to an entitlement to relief.'" Id. (quoting Iqbal, 129 S.
Ct. at 1950). Determining whether a complaint sets forth a plausible claim for relief "will . . . be
a context-specific task that requires the reviewing court to draw on its judicial experience and
common sense. . . ." Logan, 632 F. Supp. 2d at 182 (citing Iqbal, S. Ct. at 1949-50).

> B. Counts Four, Five, Six and Seven Alleging Intentional Torts As To The Company
> Should Be Dismissed Because There Can Be No Vicarious Liability For An
> Employee's Alleged Misconduct When Such Alleged Conduct Is Clearly Outside
> The Scope Of Employment

Counts Four (Assault), Five (Battery), Six (Intentional Infliction of Emotional

Distress) and Seven (Negligent Infliction of Emotional Distress) allege claims of vicarious

liability against the Company based on the alleged tortious misconduct (sexual harassment and

one alleged kiss) by Mr. Baxter. All of these claims should be dismissed because the Company

cannot be vicariously liable for Mr. Baxter's alleged misconduct, which was not within the scope

of his duties or in furtherance of the business of the Company.

The doctrine of *respondeat superior* is well established:

> Generally, the doctrine states that the master (employer) is responsible for
> the acts of his or her servant (employee) because the master controls the
> servant's actions. Central to the issue of liability under the doctrine is
> whether the employee was acting within the scope of his or her
> employment. If the employee was acting within the scope of his or her
> employment, the employer may be liable for the plaintiff's acts.

> Often, the issue of whether or not an act is within the scope of one's
> employment is a question of fact for the jury to decide. In some situations,
> however, the acts of the servant are so clearly without the scope of his
> authority that the question is one of law. The test in Connecticut as to
> whether an employee is acting within the scope of his or her employment
> rests on whether the employee was furthering the employer's business.
> This standard has been applied to an employee's negligent acts . . . and to
> an employee's willful torts such as a fatal stabbing. . . . The doctrine of
> respondeat superior focuses on the employee's conduct rather than on the
> employer's knowledge or approval of the conduct.

<u>Nutt v. The Norwich Roman Catholic Diocese</u>, 921 F. Supp. 66, 70 (D. Conn. 1995) (citations omitted; internal quotations omitted).  In <u>Nutt</u>, the Court dismissed the plaintiffs' claims that the Norwich Diocese and Sacred Heart Church of Vernon were vicariously liable for the alleged sexual abuse of the plaintiffs by a former parish priest.  The Court concluded that the former priest's allegedly sexually abusive misconduct, even if true, constituted an abandonment of the defendant's business and was, therefore, outside the scope of his employment.  <u>Id.</u> at 71 (relying on <u>Brown v. Housing Authority of New Haven</u>, 23 Conn. App. 624 (1990) and <u>A-G Foods, Inc. v. Pepperidge Farm, Inc.</u>, 216 Conn. 200 (1990)).

Other courts have followed the analysis of <u>Nutt</u> to dismiss a plaintiff's claims of vicarious liability for alleged sexual misconduct pursuant to Rule 12(b)(6).  For example, in <u>Doe v. The Norwich Roman Catholic Diocesan Corp.</u>, 268 F. Supp. 2d 139 (D. Conn. 2003), the court granted the Diocese's Rule 12(b)(6) motion and dismissed the plaintiff's claims of vicarious liability for the alleged sexual misconduct of a former priest.  The court noted that allegations of sexual abuse "represent such a strong deviation from furthering an employer's business" that vicarious liability is not applicable.  <u>Doe</u>, 268 F. Supp. 2d at 142 (relying on <u>Dumais v. Hartford Roman Catholic Diocese</u>, No. X07 CV 010077631 S, 2002 Conn. Super. LEXIS 2682 (Conn. Super. Ct. July 31, 2002) and <u>Doe v. Hartford Roman Catholic Diocesan Corp.</u>, 45 Conn. Supp. 388 (Conn. Super. Ct. 1998).  <u>See</u> <u>Jean-Charles v. Perlitz</u>, 937 F. Supp. 2d 276, 286 (D. Conn. 2013) (dismissing under Rule 12(b)(6) the plaintiff's allegations of vicarious liability based on sexual misconduct and noting, "With rare exceptions, courts applying Connecticut law have consistently held that sexual abuse is outside the scope of the abuser's employment."); <u>Miller v. Edward Jones</u>, 355 F. Supp. 2d 629, 646 (D. Conn. 2005) (noting, "Connecticut state and federal courts . . . have held as a matter of law that when the tortfeasor-employee's activity with the

alleged victim became sexual, the employee abandoned and ceased to further the employer's business." (internal quotations omitted)).

In this matter, the same analysis applies. Plaintiff asserts that Mr. Baxter engaged in "sexual assault and battery" resulting in emotional distress and that the Company is tortiously liable for these actions. (Compl., Counts Four, Five, Six and Seven). While such allegations are untrue, Mr. Baxter's alleged sexual harassment and reported assault of Plaintiff was not, under any conceivable circumstances, within the scope of his employment or in furtherance of the Company's business. Such alleged conduct would be a violation of the Company's policy and the law. Even if Mr. Baxter engaged in the conduct alleged by Plaintiff (which he did not), such conduct constituted an effort to sexually gratify himself in a manner contrary to the expectations, requirements and interests of the Company and constituted an obvious abandonment of the Company's business. Accordingly, the Company cannot be held liable for Mr. Baxter's alleged misconduct and Plaintiff's assault, battery, negligent and intentional infliction of emotional distress claims based solely on Mr. Baxter's alleged misconduct should be dismissed.

D.    Plaintiff's Negligent Infliction Of Emotional Distress Claim Also Fails Because She Does Not Assert Any Wrongdoing During The Termination Process

Plaintiff's Seventh count of negligent infliction of emotional distress also fails because, even if Mr. Baxter's alleged misconduct was somehow attributable to the Company, Plaintiff does not assert that any of the tortious conduct *occurred during the termination process*.

Under Connecticut common law, "in order to prevail on a claim of negligent infliction of emotional distress, the plaintiff must prove that the defendant should have realized that its conduct involved an unreasonable risk of causing emotional distress and that that distress, if it were caused, might result in illness or bodily harm." Carrol v. Allstate Ins. Co., 175 Conn. 337, 446 (2003) (internal quotations mark omitted). However, the Connecticut Supreme Court

has held that "negligent infliction of emotional distress in the employment context arises only where it is based upon unreasonable conduct of the defendant in the termination process." Perodeau v. City of Hartford, 259 Conn. 729, 750 (Conn. 2002) (citing Parsons v. United Tech. Corp., 243 Conn. 66, 88 (1997)).

Here, Plaintiff asserts that the Company is vicariously liable for emotional distress reportedly caused by the alleged sexual harassment and kissing by Mr. Baxter. (Compl. ¶¶ 40-41). Notwithstanding the aforementioned vicarious liability issues, Plaintiff makes no allegations that Mr. Baxter's misconduct had anything to do with her termination. Indeed, Plaintiff asserts that Mr. Baxter engaged in inappropriate conduct for a one year period, which reportedly ended *weeks prior* to her termination. (Compl. ¶¶11-17). After reporting her allegations to Mr. Sibley on May 1, 2013, Plaintiff did not have any contact with the Company, nor return to work. Plaintiff's allegations of wrongdoing by Mr. Baxter leading up to May 1st have nothing to do with her termination for job abandonment weeks later on May 16th. (Compl. ¶36-37). Accordingly, Plaintiff fails to allege any conduct occurring during the termination process to sustain her negligent infliction of emotional distress claim and Count Seven should be dismissed.

IV.   CONCLUSION

        For the foregoing reasons, Counts Four, Five, Six and Seven of Plaintiff's Complaint should be dismissed.

                         DEFENDANT,
                         MURPHY ROAD RECYCLING, LLC,

By:    */s/ Sarah R. Skubas*
         Holly L. Cini (ct 16388)
         cinih@jacksonlewis.com'
         Sarah R. Skubas (ct 28327)
         Sarah.skubas@jacksonlewis.com
         Jackson Lewis P.C.
         90 State House Square, 8th Floor
         Hartford, CT 06103
         P: (860) 522-0404
         F: (860) 247-1330

## CERTIFICATION OF SERVICE

I hereby certify that on June 8, 2015, a copy of foregoing Memorandum of Law in Support of Defendant's Motion to Dismiss was filed electronically [and served by mail on anyone unable to accept electronic filing]. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system [or by mail to anyone unable to accept electronic filing]. Parties may access this filing through the Court's system.

/s/ *Sarah R. Skubas*
Sarah R. Skubas